Kyle W. Parker
David J. Mayberry
PATTON BOGGS LLP
601 West 5th Avenue, Suite 700
Anchorage, Alaska  99501
Telephone: 907-263-6300
Facsimile: 907-263-6345
*kparker@pattonboggs.com*

*Attorneys for Shell Gulf of Mexico Inc.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| NATIVE VILLAGE OF POINT HOPE, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DIRK KEMPTHORNE, *et al.*, | ) | |
| | ) | USDC Case No. 1:08-cv-0004-RRB |
| Defendants, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| SHELL GULF OF MEXICO INC., et al., | ) | |
| | ) | |
| Intervenor-Defendants. | ) | |

## ANSWER OF SHELL GULF OF MEXICO INC.

Intervenor-Defendant Shell Gulf of Mexico Inc. ("SGOMI") submits this Answer to the

Second Amended Complaint for Declaratory and Injunctive Relief filed on October 17, 2008, by

Plaintiffs Native Village of Point Hope, City of Point Hope, Inupiat Community of the Arctic

Slope, Alaska Wilderness League, Center for Biological Diversity, National Audubon Society,

Natural Resources Defense Council, Northern Alaska Environmental Center, Oceana, Pacific

Environment, Resisting Environmental Destruction on Indigenous Lands, a Project of the

ANSWER OF SHELL GULF OF MEXICO INC.
*NATIVE VILLAGE OF POINT HOPE, et al. v. KEMPTHORNE et al.*,
USDC Case No. 1:08-cv-0004-RRB
Page 1 of 24

Case 1:08-cv-00004-RRB    Document 64    Filed 11/13/08    Page 1 of 24

Indigenous Environmental Network, Sierra Club, The Wilderness Society and World Wildlife Fund (collectively "Plaintiffs").

## INTRODUCTION

1. Paragraph 1 consists of Plaintiffs' characterization of their complaint, which requires no response. To the extent any response is required, SGOMI denies all allegations in Paragraph 1.

2. SGOMI admits that the Chukchi Sea provides habitat for a variety of marine life. SGOMI admits that certain Native Alaskan communities along the Chukchi Sea rely, in part, on the Chukchi Sea and its wildlife for their nutrition. SGOMI lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 2 regarding traditional subsistence lifestyles. The remainder of Paragraph 2 consists of Plaintiffs' characterization of the Final Chukchi Sea Planning Area Oil and Gas Lease Sale 193 and Seismic Surveying Activities in the Chukchi Sea Final Environmental Impact Statement ("FEIS"), which speaks for itself and so no further response is required. To the extent any response is required, SGOMI denies all remaining allegations in Paragraph 2.

3. The first sentence of Paragraph 3 is a statement of opinion and requires no response. SGOMI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 regarding Plaintiffs' characterization of the effects of climate change. The remainder of Paragraph 3 consists of Plaintiffs' characterization of the FEIS, which speaks for itself and so no response is required. To the extent any response is required, SGOMI denies all remaining allegations in Paragraph 3.

ANSWER OF SHELL GULF OF MEXICO INC.
*NATIVE VILLAGE OF POINT HOPE, et al. v. KEMPTHORNE et al.*,
USDC Case No. 1:08-cv-0004-RRB
Page 2 of 24

Case 1:08-cv-00004-RRB     Document 64     Filed 11/13/08     Page 2 of 24

4.      Paragraph 4 consists of Plaintiffs' characterization of the FEIS, which speaks for itself and so no response is required.  To the extent any response is required, SGOMI denies the remaining allegations in Paragraph 4.

5.      The allegations in Paragraph 5 purport to characterize the FEIS, which speaks for itself and so no response is required.  To the extent any response is required, SGOMI denies the remaining allegations in Paragraph 5.

6.      SGOMI denies the allegations in the first sentence of Paragraph 6.  SGOMI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the remainder of the paragraph.

7.      SGOMI denies the allegations in Paragraph 7.

8.      SGOMI denies the allegations in Paragraph 8.

### JURISDICTION

9.      Paragraph 9 purports to consist of legal conclusions to which no response is required.

### PLAINTIFFS

10.      SGOMI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10.

11.      SGOMI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11.

12.      SGOMI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12.

13.      SGOMI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13.

Case 1:08-cv-00004-RRB      Document 64      Filed 11/13/08      Page 3 of 24

14. SGOMI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14.

15. SGOMI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15.

16. SGOMI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16.

17. SGOMI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17.

18. SGOMI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18.

19. SGOMI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19.

20. SGOMI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20.

21. SGOMI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21.

22. SGOMI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22.

23. SGOMI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23.

24. SGOMI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24.

25.     SGOMI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 25.  SGOMI denies the remaining allegations in Paragraph 25.

26.     SGOMI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first three sentences of Paragraph 26.  SGOMI denies the remaining allegations in Paragraph 26.

## DEFENDANTS

27.     Paragraph 27 characterizes the nature of plaintiffs' suit and requires no response. To the extent an answer is required, SGOMI admits that Dirk Kempthorne is the Secretary of the Interior.

28.     Paragraph 28 characterizes the nature of plaintiffs' suit and requires no response. To the extent an answer is required, SGOMI admits that Randall B. Luthi is the Director of the Minerals Management Service.

29.     SGOMI admits that the Minerals Management Service is an agency of the United States Department of the Interior.  The remainder of Paragraph 29 consists of Plaintiffs' characterization of the mission of the Minerals Management Service to which no response is required.

30.     SGOMI admits the U.S. Fish and Wildlife Service is an agency of the U.S. Department of the Interior.  The remainder of Paragraph 30 consists of Plaintiffs' characterization of the Fish and Wildlife Service to which no response is required.

## FACTS

### *The Chukchi Sea*

31.     SGOMI admits that the Chukchi Sea is a continental shelf sea in the Arctic Ocean north of the Bering Strait and west of the Beaufort Sea. SGOMI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30 regarding traditional subsistence lifestyles by residents of the Chukchi Sea Coast. SGOMI denies the remaining allegations in Paragraph 31.

32.     Paragraph 32 consists of a series of general conclusions too vague to permit a response; SGOMI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32.

33.     Paragraph 33 consists of a series of general conclusions too vague to permit a response; SGOMI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33.

34.     Paragraph 34 consists of a series of general conclusions too vague to permit a response; SGOMI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34.

35.     Paragraph 35 consists of a series of general conclusions too vague to permit a response; SGOMI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35.

36.     Paragraph 36 consists of a series of general conclusions too vague to permit a response; SGOMI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36.

37. Paragraph 37 consists of a series of general conclusions too vague to permit a response; SGOMI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37.

### *Oil and Gas Activities In And Around the Chukchi Sea*

38. SGOMI admits that there has been no drilling in the Chukchi Sea since 1991. SGOMI admits that the only currently active leases in the Chukchi Sea are those issued pursuant to lease sale 193. SGOMI denies the remaining allegations contained in Paragraph 38.

39. Paragraph 39 consists of a series of general conclusions too vague to permit a response; SGOMI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39.

### *Lease Sale 193*

40. SGOMI admits the allegations contained in the first sentence of Paragraph 40. The remainder of Paragraph 40 consists of Plaintiffs' characterization of Minerals Management Service's Outer Continental Shelf Oil and Gas Leasing Program 2007-2012 ("Five-year Plan") which speaks for itself and so no further response is required. To the extent a response is required, SGOMI denies the remaining allegations in Paragraph 40.

41. The allegations in Paragraph 41 characterize the FEIS, which speaks for itself and so no further response is required. To the extent a response is required, SGOMI denies the allegations contained in Paragraph 41.

### *The FEIS*

42. SGOMI admits the allegations in Paragraph 42.

**A. Incomplete and Outdated Information About the Chukchi Sea and Potential Impacts of the Lease Sale.**

43.     The allegations in Paragraph 43 characterize the FEIS, which speaks for itself and so no further response is required.  To the extent a response is required, SGOMI denies the allegations contained in Paragraph 43.

44.     Paragraph 44 consists of Plaintiffs' characterization of the FEIS, which speaks for itself and so no response is required.  To the extent any response is required, SGOMI denies the allegations in Paragraph 44.

### B.  Combined Impacts of Climate Change and the Lease Sale

45.     Paragraph 45 consists of Plaintiffs' characterization of the FEIS, which speaks for itself and so no response is required.  To the extent any response is required, SGOMI denies the allegations in Paragraph 45.

46.     Paragraph 46 consists of Plaintiffs' characterization of the FEIS, which speaks for itself and so no response is required.  To the extent any response is required, SGOMI denies the allegations in Paragraph 46.

47.     SGOMI lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding the specific affects on polar bears in Paragraph 47.  SGOMI denies the remaining allegations in Paragraph 47.

### C.  Development and Production Scenario

48.     Paragraph 48 consists of Plaintiffs' characterization of the FEIS, which speaks for itself and so no response is required.  To the extent any response is required, SGOMI denies the allegations in Paragraph 48.

49.     Paragraph 49 consists of Plaintiffs' characterization of the FEIS, which speaks for itself and so no response is required.  To the extent any response is required, SGOMI denies the allegations in Paragraph 49.

50. Paragraph 50 consists of Plaintiffs' characterization of the FEIS, which speaks for itself and so no response is required. To the extent any response is required, SGOMI denies the allegations in Paragraph 50.

51. Paragraph 51 consists of Plaintiffs' characterization of the FEIS, which speaks for itself and so no response is required. To the extent any response is required, SGOMI denies the allegations in Paragraph 51.

52. Paragraph 52 consists of Plaintiffs' characterization of the FEIS, which speaks for itself and so no response is required. To the extent any response is required, SGOMI denies the allegations in Paragraph 52.

53. Paragraph 53 consists of Plaintiffs' characterization of the FEIS, which speaks for itself and so no response is required. To the extent any response is required, SGOMI denies the allegations in Paragraph 53.

54. Paragraph 54 consists of Plaintiffs' characterization of the FEIS, which speaks for itself and so no response is required. To the extent any response is required, SGOMI denies the allegations in Paragraph 54.

55. SGOMI admits that during the process of MMS's preparation of the FEIS, Shell Exploration & Production Company submitted comments to the Regional Director of MMS's Alaska OCS Region. The first sentence of Paragraph 55 contains Plaintiffs' characterization of the comments, which speak for themselves and so no response is required. SGOMI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 55. The third sentence of Paragraph 55 consists of Plaintiffs' characterization of provisions in the lease sale 193 leases, which speak for themselves and so no

Case 1:08-cv-00004-RRB   Document 64   Filed 11/13/08   Page 9 of 24

response is required. To the extent any further response is required, SGOMI denies the allegations in Paragraph 55.

### D. Oil Spills

56. Paragraph 56 consists of opinions and speculation. SGOMI lacks knowledge or information sufficient to form a belief as to the truth of the hypothetical presented in Paragraph 56.

57. Paragraph 57 consists of opinions and speculation. SGOMI lacks knowledge or information sufficient to form a belief as to the truth of the hypothetical presented in Paragraph 57.

58. Paragraph 58 consists of Plaintiffs' characterization of the FEIS, which speaks for itself and so no response is required. To the extent any response is required, SGOMI denies the allegations in Paragraph 58.

59. Paragraph 59 consists of Plaintiffs' characterization of the FEIS, which speaks for itself and so no response is required. To the extent any response is required, SGOMI denies the allegations in Paragraph 59.

60. Paragraph 60 consists of Plaintiffs' characterization of the FEIS, which speaks for itself and so no response is required. To the extent any response is required, SGOMI denies the allegations in Paragraph 60.

61. Paragraph 61 consists of Plaintiffs' characterization of the FEIS, which speaks for itself and so no response is required. To the extent any response is required, SGOMI denies the allegations in Paragraph 61.

Case 1:08-cv-00004-RRB    Document 64    Filed 11/13/08    Page 10 of 24

62.     Paragraph 62 consists of Plaintiffs' characterization of the FEIS, which speaks for itself and so no response is required.  To the extent any response is required, SGOMI denies the allegations in Paragraph 62.

63.     The first sentence of Paragraph 63 consists of Plaintiffs' characterization of the FEIS, which speaks for itself and so no response is required.  SGOMI lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 63.

64.     Paragraph 64 consists of opinions and speculation too vague to permit a response. To the extent Paragraph 64 consists of Plaintiffs' characterization of the FEIS, the document speaks for itself and so no response is required.  To the extent any response is required, SGOMI denies the allegations in Paragraph 64.

65.     Paragraph 65 consists of Plaintiffs' characterization of the FEIS, which speaks for itself and so no response is required.  To the extent any response is required, SGOMI denies the allegations in Paragraph 65.

### E.  Seismic Surveying

66.     Paragraph 66 consists of a series of general conclusions too vague to permit a response; SGOMI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 66.

67.     SGOMI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 67.

68.     Paragraph 68 consists of Plaintiffs' characterization of the FEIS, which speaks for itself and so no response is required.  To the extent any response is required, SGOMI denies the allegations in Paragraph 68.

ANSWER OF SHELL GULF OF MEXICO INC.
*NATIVE VILLAGE OF POINT HOPE, et al. v. KEMPTHORNE et al.*,
USDC Case No. 1:08-cv-0004-RRB
Page 11 of 24

69.     Paragraph 69 consists of Plaintiffs' characterization of the FEIS, which speaks for itself and so no response is required. To the extent any response is required, SGOMI denies the allegations in Paragraph 69.

70.     Paragraph 70 consists of Plaintiffs' characterization of the FEIS, which speaks for itself and so no response is required. To the extent any response is required, SGOMI denies the allegations in Paragraph 70.

71.     Paragraph 71 consists of Plaintiffs' characterization of the FEIS, which speaks for itself and so no response is required. To the extent any response is required, SGOMI denies the allegations in Paragraph 71.

72.     Paragraph 72 consists of Plaintiffs' characterization of the FEIS, which speaks for itself and so no response is required. To the extent any response is required, SGOMI denies the allegations in Paragraph 72.

73.     Paragraph 73 consists of Plaintiffs' characterization of the FEIS, which speaks for itself and so no response is required. To the extent any response is required, SGOMI denies the allegations in Paragraph 73.

74.     The first sentence of Paragraph 74 consists of Plaintiffs' characterization of the provisions of the lease sale 193 leases, which speak for themselves and so no response is required. SGOMI denies the second sentence of Paragraph 74.

### F. Cumulative Impacts on Threatened Eiders and Kittlitz's Murrelets

75.     SGOMI denies the allegations in Paragraph 75.

76.     To the extent Paragraph 76 uses the legal term of art "reasonably foreseeable," Paragraph 76 is a legal conclusion for which no response is required. The remainder of

ANSWER OF SHELL GULF OF MEXICO INC.
*NATIVE VILLAGE OF POINT HOPE, et al. v. KEMPTHORNE et al.,*
USDC Case No. 1:08-cv-0004-RRB
Page 12 of 24

Paragraph 76 consists of a general conclusion too vague to permit a response.  To the extent any further response is required, SGOMI denies the allegations in Paragraph 76.

77.     The first and third sentences of Paragraph 77 consist of Plaintiffs' characterization of the FEIS and the biological evaluation, which speak for themselves and so no response is required.  SOGMI denies the allegations in the second sentence of Paragraph 77.

### *FWS's Eider Biological Opinion*

78.     SGOMI admits the allegations in Paragraph 78.

79.     Paragraph 79 consists of Plaintiffs' characterization of the Biological Opinion, which speaks for itself and so no response is required.  To the extent any response is required, SGOMI denies the allegations in Paragraph 79.

80.     Paragraph 80 consists of Plaintiffs' characterization of the Biological Opinion and previous statements issued by the U.S. Fish and Wildlife Service.  The Biological Opinion and any previous statements speak for themselves and so no response is required.  To the extent any response is required, SGOMI denies the allegations in Paragraph 80.

### *The Decision to Hold Lease Sale 193*

81.     SGOMI admits the allegations in Paragraph 81.

82.     SGOMI admits the allegations in Paragraph 82.

83.     SGOMI admits the allegations in Paragraph 83.

84.     SGOMI admits the allegations in Paragraph 84.

### *The Listing of the Polar Bear as Threatened Under the ESA*

85.     SGOMI admits the allegations in Paragraph 85.

86.     SGOMI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 86.

ANSWER OF SHELL GULF OF MEXICO INC.
*NATIVE VILLAGE OF POINT HOPE, et al. v. KEMPTHORNE et al.*,
USDC Case No. 1:08-cv-0004-RRB
Page 13 of 24

87.     SGOMI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 87.

## STATUTORY FRAMEWORK

### Administrative Procedure Act

88.     Paragraph 88 purports to characterize certain provisions of the APA, NEPA, and the ESA, which speak for themselves and for which no response is required.  To the extent a response is required, SGOMI denies the allegations in paragraph 88.

### National Environmental Policy Act

89.     Paragraph 89 purports to characterize certain provisions of NEPA and its implementing regulations, which speak for themselves and for which no response is required.  To the extent a response is required, SGOMI denies the allegations in paragraph 89.

90.     Paragraph 90 purports to characterize certain provisions of NEPA and its implementing regulations, which speak for themselves and for which no response is required.  To the extent a response is required, SGOMI denies the allegations in paragraph 90.

91.     Paragraph 91 purports to characterize certain provisions of NEPA and its implementing regulations, which speak for themselves and for which no response is required.  To the extent a response is required, SGOMI denies the allegations in paragraph 91.

92.     Paragraph 92 purports to characterize certain provisions of NEPA and its implementing regulations, which speak for themselves and for which no response is required.  To the extent a response is required, SGOMI denies the allegations in paragraph 92.

Case 1:08-cv-00004-RRB     Document 64     Filed 11/13/08     Page 14 of 24

### Endangered Species Act

93.     Paragraph 93 purports to characterize certain provisions of ESA and its implementing regulations, which speak for themselves and for which no response is required.  To the extent a response is required, SGOMI denies the allegations in paragraph 93.

94.     Paragraph 94 purports to characterize certain provisions of ESA and its implementing regulations, which speak for themselves and for which no response is required.  To the extent a response is required, SGOMI denies the allegations in paragraph 94.

95.     Paragraph 95 purports to characterize certain provisions of ESA and its implementing regulations, which speak for themselves and for which no response is required.  To the extent a response is required, SGOMI denies the allegations in paragraph 95.

96.     Paragraph 96 purports to characterize certain provisions of ESA and its implementing regulations, which speak for themselves and for which no response is required.  To the extent a response is required, SGOMI denies the allegations in paragraph 96.

### Outer Continental Shelf Lands Act

97.     Paragraph 97 purports to characterize certain provisions of OCSLA, which speaks for itself and for which no response is required.  To the extent a response is required, SGOMI denies the allegations in paragraph 97.

98.     Paragraph 98 purports to characterize certain provisions of OCSLA, which speaks for itself and for which no response is required.  To the extent a response is required, SGOMI denies the allegations in paragraph 98.

99.     Paragraph 99 purports to characterize certain provisions of OCSLA, which speaks for itself and for which no response is required.  To the extent a response is required, SGOMI denies the allegations in paragraph 99.

100.     Paragraph 100 purports to characterize certain provisions of OCSLA and its implementing regulations, which speaks for themselves and for which no response is required. To the extent a response is required, SGOMI denies the allegations in paragraph 101.

101.     Paragraph 101 purports to characterize certain provisions of OCSLA and its implementing regulations, which speaks for themselves and for which no response is required. To the extent a response is required, SGOMI denies the allegations in paragraph 101.

## COUNT I

102.     SGOMI incorporates by reference its prior responses to Paragraphs 1 through 101 of the First Amended Complaint, as re-alleged and incorporated by reference in Paragraph 102.

103.     Paragraph 103 purports to characterize certain provisions of NEPA, which speak for themselves and for which no response is required.  To the extent a response is required, SGOMI denies the allegations in paragraph 103.

104.     The first sentence of Paragraph 104 consists of Plaintiffs' characterization of the FEIS, which speaks for itself and so no response is required.  SGOMI denies the remaining allegations in Paragraph 104.

105.     SGOMI denies the allegations in Paragraph 105.

## COUNT II

106.     SGOMI incorporates by reference its prior responses to Paragraphs 1 through 105 of the First Amended Complaint, as re-alleged and incorporated by reference in Paragraph 106.

107.     Paragraph 107 purports to characterize certain provisions of NEPA, which speak for themselves and for which no response is required.  To the extent a response is required, SGOMI denies the allegations in paragraph 107.

Case 1:08-cv-00004-RRB     Document 64     Filed 11/13/08     Page 16 of 24

108. Paragraph 108 consists of Plaintiffs' characterization of the FEIS, which speaks for itself and so no response is required. To the extent any response is required, SGOMI denies the allegations in Paragraph 108.

109. Paragraph 109 consists of Plaintiffs' characterization of the FEIS, which speaks for itself and so no response is required. To the extent any response is required, SGOMI denies the allegations in Paragraph 109.

110. Paragraph 110 consists of Plaintiffs' characterization of the FEIS, which speaks for itself and so no response is required. To the extent any response is required, SGOMI denies the allegations in Paragraph 110.

111. SGOMI denies the allegations in Paragraph 111.

## COUNT III

112. SGOMI incorporates by reference its prior responses to Paragraphs 1 through 111 of the First Amended Complaint, as re-alleged and incorporated by reference in Paragraph 112.

113. Paragraph 113 purports to characterize certain provisions of NEPA, which speak for themselves and for which no response is required.

114. Paragraph 114 purports to set forth legal conclusions to which no response is required.

115. Paragraph 115 consists of Plaintiffs' characterization of the FEIS, which speaks for itself and so no response is required. To the extent any response is required, SGOMI denies the allegations in Paragraph 115.

116. Paragraph 116 consists of Plaintiffs' characterization of the FEIS, which speaks for itself and so no response is required. To the extent any response is required, SGOMI denies the allegations in Paragraph 116.

Case 1:08-cv-00004-RRB    Document 64    Filed 11/13/08    Page 17 of 24

117.     Paragraph 117 consists of Plaintiffs' characterization of the FEIS, which speaks for itself and so no response is required.  To the extent any response is required, SGOMI denies the allegations in Paragraph 117.

118.     SGOMI denies the allegations in Paragraph 118.

119.     SGOMI denies the allegations in Paragraph 119.

## COUNT IV

120.     SGOMI incorporates by reference its prior responses to Paragraphs 1 through 119 of the First Amended Complaint, as re-alleged and incorporated by reference in Paragraph 120.

121.     Paragraph 121 purports to characterize certain provisions of NEPA, which speak for themselves and for which no response is required.

122.     Paragraph 122 purports to set forth legal conclusions to which no response is required.

123.     Paragraph 123 consists of Plaintiffs' characterization of the FEIS, which speaks for itself and so no response is required.  To the extent any response is required, SGOMI denies the allegations in Paragraph 123.

124.     Paragraph 124 consists of Plaintiffs' characterization of the FEIS, which speaks for itself and so no response is required.  To the extent any response is required, SGOMI denies the allegations in Paragraph 124.

125.     Paragraph 125 consists of Plaintiffs' characterization of the FEIS, which speaks for itself and so no response is required.  To the extent any response is required, SGOMI denies the allegations in Paragraph 125.

126.     Paragraph 126 consists of Plaintiffs' characterization of the FEIS, which speaks for itself and so no response is required.  To the extent any response is required, SGOMI denies the allegations in Paragraph 126.

127.     Paragraph 127 consists of Plaintiffs' characterization of the FEIS, which speaks for itself and so no response is required.  To the extent any response is required, SGOMI denies the allegations in Paragraph 127.

128.     SGOMI denies the allegations in Paragraph 128.

## COUNT V

129.     SGOMI incorporates by reference its prior responses to Paragraphs 1 through 128 of the First Amended Complaint, as re-alleged and incorporated by reference in Paragraph 129.

130.     Paragraph 130 purports to characterize certain provisions of NEPA, which speak for themselves and for which no response is required.

131.     Paragraph 131 sets forth purports to set forth legal conclusions to which no response is required.

132.     Paragraph 132 consists of Plaintiffs' characterization of the FEIS, which speaks for itself and so no response is required.  To the extent any response is required, SGOMI denies the allegations in Paragraph 132.

133.     SGOMI denies the allegations in Paragraph 133.

134.     SGOMI denies the allegations in Paragraph 134.

135.     SGOMI denies the allegations in Paragraph 135.

136.     SGOMI denies the allegations in Paragraph 136.

Case 1:08-cv-00004-RRB     Document 64     Filed 11/13/08     Page 19 of 24

## COUNT VI

137. SGOMI incorporates by reference its prior responses to Paragraphs 1 through 136 of the First Amended Complaint, as re-alleged and incorporated by reference in Paragraph 137.

138. Paragraph 138 purports to characterize certain provisions of NEPA, which speak for themselves and for which no response is required.

139. SGOMI denies the allegations in Paragraph 139.

140. SGOMI denies the allegations in Paragraph 140.

## COUNT VIII

141. SGOMI incorporates by reference its prior responses to Paragraphs 1 through 140 of the First Amended Complaint, as re-alleged and incorporated by reference in Paragraph 141.

142. Paragraph 142 consists of Plaintiffs' characterization of the ESA, which speaks for itself and so no response is required. To the extent any response is required, SGOMI denies the allegations in Paragraph 142.

143. Paragraph 143 consists of Plaintiffs' legal conclusions regarding FWS's obligations under ESA for which no response is required. To the extent a response is required, SGOMI denies the allegations in Paragraph 143.

144. Paragraph 144 consists of Plaintiffs' characterization of the ESA, which speaks for itself and so no response is required. To the extent any response is required, SGOMI denies the allegations in Paragraph 144.

145. Paragraph 145 consists of Plaintiffs' characterization of the biological opinion, which speaks for itself and so no response is required. To the extent any response is required, SGOMI denies the allegations in Paragraph 145.

146. SGOMI denies the allegations in Paragraph 146.

ANSWER OF SHELL GULF OF MEXICO INC.
*NATIVE VILLAGE OF POINT HOPE, et al. v. KEMPTHORNE et al.*,
USDC Case No. 1:08-cv-0004-RRB
Page 20 of 24

Case 1:08-cv-00004-RRB   Document 64   Filed 11/13/08   Page 20 of 24

147.     SGOMI denies the allegations in Paragraph 147.

## COUNT VIII

148.     SGOMI incorporates by reference its prior responses to Paragraphs 1 through 147 of the First Amended Complaint, as re-alleged and incorporated by reference in Paragraph 148.

149.     Paragraph 149 consists of Plaintiffs' characterization of the ESA, which speaks for itself and so no response is required.  To the extent any response is required, SGOMI denies the allegations in Paragraph 149.

150.     Paragraph 150 consists of Plaintiffs' characterization of the FEIS, which speaks for itself and so no response is required.  To the extent any response is required, SGOMI denies the allegations in Paragraph 150.

151.     SGOMI admits the allegations in Paragraph 151.

152.     SGOMI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 152.

153.     Paragraph 153 consists of Plaintiffs' characterization of regulation 30 C.F.R. § 256.47, which speaks for itself and so no response is required.  To the extent any response is required, SGOMI denies the allegations in Paragraph 153.

154.     Paragraph 154 consists of Plaintiffs' characterization of certain statutory and regulatory provisions of the United States Code and the Code of Federal Regulations, which speak for themselves and so no response is required.  To the extent any response is required, SGOMI denies the allegations in Paragraph 154.

155.     SGOMI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 155.

156.     SGOMI denies the allegations in Paragraph 156.

ANSWER OF SHELL GULF OF MEXICO INC.
*NATIVE VILLAGE OF POINT HOPE, et al. v. KEMPTHORNE et al.*,
USDC Case No. 1:08-cv-0004-RRB
Page 21 of 24

Case 1:08-cv-00004-RRB     Document 64     Filed 11/13/08     Page 21 of 24

## RESPONSE TO THE PRAYER FOR RELIEF

The remaining paragraphs of the Complaint contain Plaintiffs' request for relief and do not require a response. To the extent any response is required, SGOMI denies that Plaintiffs are entitled to any relief.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Court lacks jurisdiction over some or all of Plaintiffs' claims.

### Second Affirmative Defense

Some or all of the counts of Plaintiffs' complaint fail to state a claim upon which relief may be granted.

WHEREFORE, Intervenor-Defendant SGOMI requests that the Court dismiss Plaintiffs' complaint or enter judgment in favor of Defendants and Intervenor-Defendants and grant such other relief as appropriate.

DATED at Anchorage, Alaska this 13th day of November, 2008.

/s/Kyle W. Parker
Kyle W. Parker
PATTON BOGGS LLP
601 West Fifth Avenue, Suite 700
Anchorage, Alaska 99501
Telephone: (907) 263-6330
Facsimile: (907) 263-6345
kparker@pattonboggs.com
Alaska Bar No. 9212124

David J. Mayberry
PATTON BOGGS LLP
601 West Fifth Avenue, Suite 700
Anchorage, Alaska 99501
Telephone: (907) 263-6330
Facsimile: (907) 263-6345
dmayberry@pattonboggs.com
Alaska Bar No. 9611062

*Attorneys for Shell Gulf Of Mexico Inc.*

ANSWER OF SHELL GULF OF MEXICO INC.
*NATIVE VILLAGE OF POINT HOPE, et al. v. KEMPTHORNE et al.*,
USDC Case No. 1:08-cv-0004-RRB
Page 23 of 24

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 13th day of November 2008, I caused a true and correct copy of the foregoing document to be served by **Electronic Mail** on:

Eric P. Jorgensen
Erik Cliford Grafe
Email:
ericj@earthjustice.org
egrafe@earthjustice.org

Srinath Jay Govindan
David B. Glazer
Kristen L. Gustafson
Email:
Jay.Govindan@usdoj.gov
david.glazer@usdoj.gov
Kristen.Gustafson@usdoj.gov

Jeffrey W. Leppo
Email: jwleppo@stoel.com


By:    /s/ Ellen Collins
       Ellen Collins, Legal Secretary

ANSWER OF SHELL GULF OF MEXICO INC.
*NATIVE VILLAGE OF POINT HOPE, et al. v. KEMPTHORNE et al.*,
USDC Case No. 1:08-cv-0004-RRB
Page 24 of 24

Case 1:08-cv-00004-RRB    Document 64    Filed 11/13/08    Page 24 of 24