RONALD J. TENPAS
Assistant Attorney General
DAVID B. GLAZER
Natural Resources Section
Environment & Natural Resources Division
United States Department of Justice
301 Howard Street, Suite 1050
San Francisco, California 94105
Tel:     (415) 744–6491
Fax:     (415) 744–6476
E-mail: David.Glazer@usdoj.gov
KRISTEN L. GUSTAFSON, Senior Trial Attorney
Wildlife & Marine Resources Section
Environment & Natural Resources Division
Ben Franklin Station, P.O. Box 7369
Washington, D.C.  20044-7369
Tel:     (202) 305-0211
Fax:     (202) 305-0275
Email: Kristen.Gustafson@usdoj.gov
DEAN DUNSMORE
Natural Resources Section
Environment & Natural Resources Division
United States Department of Justice
801 B Street, Suite 504
Anchorage, Alaska  99501-3657
Tel:     (907) 271-5452
Fax:     (907) 271-5827
E-mail: Dean.Dunsmore@usdoj.gov
        Attorneys for Federal Defendants

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| NATIVE VILLAGE OF POINT HOPE, *et al.,* | No. 1:08-cv-00004-RRB |
| Plaintiffs, | |
| v. | FEDERAL DEFENDANTS' ANSWER TO PLAINTIFFS' SECOND AMENDED AND SUPPLEMENTAL COMPLAINT |
| DIRK KEMPTHORNE, *et al.*, | |
| Defendants. | |

*Native Village of Point Hope, et al. v. Kempthorne, et al.,* No. 1:08-cv-00004-RRB
Federal Defendants' Answer to Plaintiffs' Second Amended and Supplemental Complaint

Defendants Dirk Kempthorne, Randall Luthi, Minerals Management Service, and Fish & Wildlife Service plead as follows in response to Plaintiffs' Second Amended and Supplemental Complaint ("Complaint"). All allegations of the Complaint that are not specifically admitted, denied, or qualified are hereby expressly denied.

## INTRODUCTION

1. The first sentence of Paragraph 1 of the Complaint characterizes the nature of plaintiffs' claims and requires no response. The second sentence of Paragraph 1 states a legal conclusion and requires no response; to the extent that a further response is necessary, defendants deny the allegations of that sentence.

2. Defendants admit the first four sentences of Paragraph 2 of the Complaint, to the extent that they generally describe the ecology and culture of the portions of the Chukchi Sea and the shore areas bordering that sea. The allegations of the fifth sentence of Paragraph 2 purport to characterize the Final Environmental Impact Statement ("FEIS") and do not require a response; to the extent that a further response is necessary, defendants assert that the FEIS speaks for itself and is the best evidence of its contents. Any allegations contrary to the FEIS's plain language, meaning, and context are denied.

3. The first sentence of Paragraph 3 of the Complaint is a statement of opinion and requires no response; in addition, that sentence is too vague to allow for a further response. Defendants admit the second sentence of Paragraph 3. Defendants admit the allegations of the third sentence of Paragraph 3, to the extent that the summer sea-ice in 2007 was at a record low for the Chukchi Sea. The fourth sentence of Paragraph 3 reports, in vague terms, the alleged opinions of unnamed individuals; accordingly, defendants are without information sufficient to

allow them to either admit or deny the allegations of that sentence.  Defendants admit the allegations of the fifth sentence of Paragraph 3.  Defendants deny the allegations of the sixth sentence of Paragraph 3 to the extent that it implies that fin whales were reported in the Chukchi Sea in 2007, but aver that three fin whales were reported in the Chukchi Sea in 2006 and humpback whales were reported in the Chukchi Sea in 2007; defendants further admit that the northern portion of the Chukchi Sea is not within the usual range of the fin or humpback whales.  The allegations of the seventh sentence of Paragraph 3 purport to characterize the FEIS and do not require a response; to the extent that a further response is necessary, defendants assert that the FEIS speaks for itself and is the best evidence of its contents.  Any allegations contrary to the FEIS's plain language, meaning, and context are denied.

4.      Defendants admit the allegations of the first sentence of Paragraph 4 of the Complaint.  The allegations of the second sentence of Paragraph 4 purport to characterize the FEIS and do not require a response; to the extent that a further response is necessary, defendants assert that the FEIS speaks for itself and is the best evidence of its contents.  Any allegations contrary to the FEIS's plain language, meaning, and context are denied.

5.      The allegations of Paragraph 5 of the Complaint purport to characterize the FEIS and do not require a response; to the extent that a further response is necessary, defendants assert that the FEIS speaks for itself and is the best evidence of its contents.  Any allegations contrary to the FEIS's plain language, meaning, and context are denied.

6.      Defendants deny the allegations of the first and second sentences of Paragraph 6 of the Complaint.  The allegations of the third sentence of Paragraph 6 purport to characterize the contents of the Fish & Wildlife Service biological opinion, which speaks for itself and is the

Case 1:08-cv-00004-RRB    Document 65    Filed 11/13/08    Page 3 of 30

best evidence of its contents.  Any allegations contrary to the biological opinion's plain language, meaning, and context are denied.

7.  Defendants deny the allegations of Paragraph 7 of the Complaint.

8.  Defendants deny the allegations of Paragraph 8 of the Complaint.

**JURISDICTION**

9.  Paragraph 9 of the Complaint consists of legal conclusions, to which no response is necessary.  To the extent that a response is required, the allegations are denied.

**PLAINTIFFS**

10.  Defendants admit the first sentence of Paragraph 10 of the Complaint. Defendants lack information sufficient to allow them to either admit or deny the remaining allegations of Paragraph 10.

11.  Defendants admit the first sentence of Paragraph 11 of the Complaint. Defendants lack information sufficient to allow them to either admit or deny the remaining allegations of Paragraph 11.

12.  Defendants admit the first and second sentences of Paragraph 12 of the Complaint.  Defendants lack information sufficient to allow them to either admit or deny the remaining allegations of Paragraph 12.

13.  Defendants lack information sufficient to allow them to either admit or deny the allegations of Paragraph 13 of the Complaint.

14.  Defendants lack information sufficient to allow them to either admit or deny the allegations of the first three sentences of Paragraph 14 of the Complaint.  Defendants admit the allegations of the last sentence of Paragraph 14.

*Native Village of Point Hope, et al. v. Kempthorne, et al.,* No. 1:08-cv-00004-RRB
Federal Defendants' Answer to Plaintiffs' Second Amended and Supplemental Complaint         Page 4

Case 1:08-cv-00004-RRB     Document 65     Filed 11/13/08     Page 4 of 30

15. Defendants lack information sufficient to allow them to either admit or deny the allegations of Paragraph 15 of the Complaint.

16. Defendants lack information sufficient to allow them to either admit or deny the allegations of Paragraph 16 of the Complaint.

17. Defendants lack information sufficient to allow them to either admit or deny the allegations of Paragraph 17 of the Complaint.

18. Defendants lack information sufficient to allow them to either admit or deny the allegations of Paragraph 18 of the Complaint.

19. Defendants lack information sufficient to allow them to either admit or deny the allegations of Paragraph 19 of the Complaint.

20. Defendants lack information sufficient to allow them to either admit or deny the allegations of Paragraph 20 of the Complaint.

21. Defendants lack information sufficient to allow them to either admit or deny the allegations of Paragraph 21 of the Complaint.

22. Defendants lack information sufficient to allow them to either admit or deny the allegations of Paragraph 22 of the Complaint.

23. Defendants lack information sufficient to allow them to either admit or deny the allegations of Paragraph 23 of the Complaint.

24. Defendants lack information sufficient to allow them to either admit or deny the allegations of Paragraph 24 of the Complaint.

25. Defendants lack information sufficient to allow them to either admit or deny the

allegations of the first sentence of Paragraph 25 of the Complaint.  Defendants deny the allegations of the second sentence of Paragraph 25.

26.     Defendants lack information sufficient to allow them to either admit or deny the allegations of the first three sentences of Paragraph 26 of the Complaint.  Defendants deny the allegations of the fourth sentence of Paragraph 26.

**DEFENDANTS**

27.     Paragraph 27 of the Complaint characterizes the nature of plaintiffs' suit and requires no response; to the extent a further response is necessary, defendants admit that Dirk Kempthorne is currently the Secretary of the Interior.

28.     Paragraph 28 of the Complaint characterizes the nature of plaintiffs' suit and requires no response; to the extent a further response is necessary, defendants admit that Randall Luthi is currently the Director of the Minerals Management Service.

29.     Defendants admit the allegations of Paragraph 29 of the Complaint except to the extent that they imply that the responsibilities of the Minerals Management Service are limited to the mineral resources of the Chukchi Sea outer continental shelf; to that extent, defendants deny the allegations of Paragraph 29.

30.      Defendants admit that the Secretary of the Department of the Interior has delegated authority to administer the Endangered Species Act ("ESA") to the Fish & Wildlife Service.  Defendants deny the allegations of Paragraph 30 of the Complaint to the extent that they imply that the responsibilities of the Fish and Wildlife Service are limited to implementing the ESA for Steller's and spectacled eiders.

*Native Village of Point Hope, et al. v. Kempthorne, et al.,* No. 1:08-cv-00004-RRB
Federal Defendants' Answer to Plaintiffs' Second Amended and Supplemental Complaint          Page 6

Case 1:08-cv-00004-RRB     Document 65     Filed 11/13/08     Page 6 of 30

## RESPONSE TO FACTUAL ALLEGATIONS

### *The Chukchi Sea*

31. Defendants admit the allegations of the first and second sentences of Paragraph 30 of the Complaint. Defendants lack information sufficient for them to either admit or deny the allegations of the third sentence of Paragraph 31. Defendants admit the allegations of the fourth sentence of Paragraph 31. Defendants lack information sufficient for them to either admit or deny the allegations of the fifth and sixth sentences of Paragraph 31. Defendants aver that oil and gas development in the Chukchi Sea has the potential to impact the subsistence lifestyle of affected communities, as discussed in the FEIS, but otherwise lack information sufficient to allow them to either admit or deny the remaining allegations of the seventh sentence of Paragraph 31.

32. Defendants admit the allegations of Paragraph 32 of the Complaint, except that defendants deny that the right whale inhabits the Chukchi Sea, or that the fin and humpback whales usually inhabit the Chukchi Sea.

33. Defendants admit the allegations of Paragraph 33 of the Complaint.

34. Defendants admit the allegations of the first five sentences of Paragraph 34 of the Complaint. The sixth sentence of Paragraph 34 characterizes the contents of certain unidentified documents and requires no response; to the extent that a further response is necessary, defendants lack information sufficient for them to either admit or deny the allegations of that sentence. The defendants admit the allegations of the seventh and eighth sentences of Paragraph 34. The ninth sentence of Paragraph 34 reports, in vague terms, the alleged opinions of unnamed individuals; accordingly, defendants are without information sufficient to allow them to either

*Native Village of Point Hope, et al. v. Kempthorne, et al.,* No. 1:08-cv-00004-RRB
Federal Defendants' Answer to Plaintiffs' Second Amended and Supplemental Complaint          Page 7

Case 1:08-cv-00004-RRB    Document 65    Filed 11/13/08    Page 7 of 30

admit or deny the allegations of that sentence.  The tenth sentence of Paragraph 34 characterizes the contents of an unidentified document and requires no response; to the extent that a further response is necessary, defendants lack information sufficient for them to either admit or deny the allegations of that sentence.  Defendants admit the allegations of the eleventh sentence of Paragraph 34.  The twelfth sentence of Paragraph 34 characterizes the contents of unidentified documents and requires no response; to the extent that a further response is necessary, defendants lack information sufficient for them to either admit or deny the allegations of that sentence.

35.     The first sentence of Paragraph 35 is a statement of opinion and requires no response; in addition, that sentence is too vague to allow for a further response.  The second sentence of Paragraph 35 characterizes the contents of unidentified documents and requires no response; to the extent that a further response is necessary, defendants lack information sufficient for them to either admit or deny the allegations of that sentence.  Defendants admit the allegations of the third through seventh sentences of Paragraph 35.  The eighth sentence of Paragraph 35 characterizes the contents of certain unidentified documents and requires no response; to the extent that a further response is necessary, defendants lack information sufficient for them to either admit or deny the allegations of that sentence.  The ninth sentence of Paragraph 35 characterizes the work of unidentified researchers and requires no further response; to the extent that a further response is necessary, defendants lack information sufficient for them to either admit or deny the allegations of that sentence.  The tenth sentence of Paragraph 35 characterizes the work of unidentified researchers and requires no further response; to the extent that a further response is necessary, defendants lack information sufficient for them to either

*Native Village of Point Hope, et al. v. Kempthorne, et al.,* No. 1:08-cv-00004-RRB
Federal Defendants' Answer to Plaintiffs' Second Amended and Supplemental Complaint          Page 8

Case 1:08-cv-00004-RRB     Document 65     Filed 11/13/08     Page 8 of 30

admit or deny the allegations of that sentence. Defendants admit the allegations of the eleventh sentence of Paragraph 35. The twelfth sentence of Paragraph 35 characterizes the contents of an unidentified document and requires no response; to the extent that a further response is necessary, defendants lack information sufficient for them to either admit or deny the allegations of that sentence.

36. Defendants admit the allegations of the first three sentences of Paragraph 36 of the Complaint. The fourth sentence of Paragraph 36 characterizes the opinion of an unidentified person and requires no response; to the extent that a further response is necessary, defendants lack information sufficient to allow them to either admit or deny that sentence. Defendants admit the allegations of the fifth sentence of Paragraph 36, except that they deny that Point Shmidt had not been used as a walrus haul-out "for centuries." Defendants admit the allegations of the sixth sentence of Paragraph 36. Defendants deny the allegations of the last sentence of Paragraph 36, and aver that the estimates in this sentence are based on observations of walrus in Russia, not in Alaska, and further aver that the estimates of walrus set forth in the last sentence of this paragraph are incorrect and should be 2,000 to 4,000 walrus.

37. Defendants lack information sufficient for them to be able to either admit or deny the allegations of the first and second sentences of Paragraph 37 of the Complaint. Defendants deny the allegations of the third sentence of Paragraph 37 to the extent that it implies that fin whales were reported in the Chukchi Sea in 2007, but aver that three fin whales were reported in the Chukchi Sea in 2006 and humpback whales were reported in the Chukchi Sea in 2007; defendants further admit that the northern portion of the Chukchi Sea is not within the usual range of the fin or humpback whales.

*Native Village of Point Hope, et al. v. Kempthorne, et al.,* No. 1:08-cv-00004-RRB
Federal Defendants' Answer to Plaintiffs' Second Amended and Supplemental Complaint          Page 9

Case 1:08-cv-00004-RRB   Document 65   Filed 11/13/08   Page 9 of 30

### Oil and Gas Activities in and Around the Chukchi Sea

38.    Defendants admit the allegations of the first sentence of Paragraph 38 of the Complaint.  The second sentence of Paragraph 38 presents an opinion, is vague and ambiguous, and requires no further response.  To the extent a further response is required, Defendants deny the allegations in the second sentence of Paragraph 38.  In response to the allegations of the third sentence of Paragraph 38, Defendants aver that there has been no drilling in the Chukchi Sea since 1991 and that all current leases in the Chukchi Sea were issued pursuant to Lease Sale 193.

39.    Defendants admit the allegation of the first sentence of Paragraph 39 of the Complaint that there has been some oil and gas activity in the Beaufort Sea, but deny the characterization of that activity as "substantial."  Defendants deny that bowhead whales use habitat within the National Petroleum Reserve – Alaska ("NPR – A"), but otherwise admit the allegations of the second sentence of Paragraph 39.  Defendants deny the allegations of the third sentence of Paragraph 39.

### Lease Sale 193

40.    Defendants admit the first sentence of Paragraph 40 of the Complaint. Defendants admit that the 2007–2012 Five-Year Plan identifies a potential sales area of 40 million acres, but otherwise denies the allegations of the second sentence of Paragraph 40. Defendants admit the allegations of the third sentence of Paragraph 40.

41.    Defendants admit the allegations of Paragraph 41 of the Complaint.

### The FEIS

42.    Defendants admit the allegations of Paragraph 42 of the Complaint.

43.    The allegations of Paragraph 43 of the Complaint purport to characterize the FEIS

*Native Village of Point Hope, et al. v. Kempthorne, et al.,* No. 1:08-cv-00004-RRB
Federal Defendants' Answer to Plaintiffs' Second Amended and Supplemental Complaint          Page 10

Case 1:08-cv-00004-RRB    Document 65    Filed 11/13/08    Page 10 of 30

and do not require a response; to the extent that a further response is necessary, defendants assert that the FEIS speaks for itself and is the best evidence of its contents. Any allegations contrary to the FEIS's plain language, meaning, and context are denied.

44. The allegations of Paragraph 44 of the Complaint purport to characterize the FEIS and do not require a response; to the extent that a further response is necessary, defendants assert that the FEIS speaks for itself and is the best evidence of its contents. Any allegations contrary to the FEIS's plain language, meaning, and context are denied.

45. The allegations of Paragraph 45 of the Complaint purport to characterize the FEIS and do not require a response; to the extent that a further response is necessary, defendants assert that the FEIS speaks for itself and is the best evidence of its contents. Any allegations contrary to the FEIS's plain language, meaning, and context are denied.

46. The allegations of Paragraph 46 of the Complaint purport to characterize the FEIS and do not require a response; to the extent that a further response is necessary, defendants assert that the FEIS speaks for itself and is the best evidence of its contents. Any allegations contrary to the FEIS's plain language, meaning, and context are denied.

47. The allegations of Paragraph 47 of the Complaint purport to characterize the FEIS and do not require a response; to the extent that a further response is necessary, defendants assert that the FEIS speaks for itself and is the best evidence of its contents. Any allegations contrary to the FEIS's plain language, meaning, and context are denied.

48. Defendants admit the first sentence of Paragraph 48 of the Complaint. The allegations of the second sentence of Paragraph 48 purport to characterize the FEIS and do not require a response; to the extent that a further response is necessary, defendants assert that the

*Native Village of Point Hope, et al. v. Kempthorne, et al.,* No. 1:08-cv-00004-RRB
Federal Defendants' Answer to Plaintiffs' Second Amended and Supplemental Complaint          Page 11

Case 1:08-cv-00004-RRB   Document 65   Filed 11/13/08   Page 11 of 30

FEIS speaks for itself and is the best evidence of its contents. Any allegations contrary to the FEIS's plain language, meaning, and context are denied.

49. The allegations of Paragraph 49 of the Complaint purport to characterize the FEIS and do not require a response; to the extent that a further response is necessary, defendants assert that the FEIS speaks for itself and is the best evidence of its contents. Any allegations contrary to the FEIS's plain language, meaning, and context are denied.

50. The allegations of Paragraph 50 of the Complaint purport to characterize the findings of contained in the FEIS and do not require a response; to the extent that a further response is necessary, defendants assert that the FEIS speaks for itself and is the best evidence of its contents. Any allegations contrary to the FEIS's plain language, meaning, and context are denied.

51. The allegations of the first sentence of Paragraph 51 mischaracterize the FEIS; accordingly, defendants deny that sentence. The remaining allegations of Paragraph 51 of the Complaint purport to characterize the FEIS and do not require a response; to the extent that a further response is necessary, defendants assert that the FEIS speaks for itself and is the best evidence of its contents. Any allegations contrary to the FEIS's plain language, meaning, and context are denied.

52. The allegations of Paragraph 52 of the Complaint purport to characterize the FEIS and do not require a response; to the extent that a further response is necessary, defendants assert that the FEIS speaks for itself and is the best evidence of its contents. Any allegations contrary to the FEIS's plain language, meaning, and context are denied.

53. The allegations of Paragraph 53 of the Complaint purport to characterize the FEIS

*Native Village of Point Hope, et al. v. Kempthorne, et al.,* No. 1:08-cv-00004-RRB
Federal Defendants' Answer to Plaintiffs' Second Amended and Supplemental Complaint          Page 12

Case 1:08-cv-00004-RRB    Document 65    Filed 11/13/08    Page 12 of 30

and do not require a response; to the extent that a further response is necessary, defendants assert that the FEIS speaks for itself and is the best evidence of its contents. Any allegations contrary to the FEIS's plain language, meaning, and context are denied.

54. The allegations of Paragraph 54 of the Complaint purport to characterize the FEIS and do not require a response; to the extent that a further response is necessary, defendants assert that the FEIS speaks for itself and is the best evidence of its contents. Any allegations contrary to the FEIS's plain language, meaning, and context are denied.

55. Defendants admit the allegations of the first sentence of Paragraph 55 of the Complaint. The allegations of the second sentence of Paragraph 55 are vague and ambiguous and require no further response. To the extent a further response is required, Defendants deny the allegations in the second sentence of Paragraph 55. The allegations of the third sentence of Paragraph 55 purport to characterize the Lease Sale 193 leases and do not require a response; to the extent that a further response is necessary, defendants assert that the leases speak for themselves and are the best evidence of their contents. Any allegations contrary to the leases' plain language, meaning, and context are denied.

56. Paragraph 56 of the Complaint consists of opinions and speculation; accordingly, defendants lack information sufficient for them to be able to admit or deny those allegations. To the extent that the allegations of Paragraph 56 purport to characterize the FEIS, defendants assert that the FEIS speaks for itself and is the best evidence of its contents. Any allegations contrary to the FEIS's plain language, meaning, and context are denied.

57. Paragraph 57 of the Complaint consists of opinions and speculation; accordingly, defendants lack information sufficient for them to be able to admit or deny those allegations.

*Native Village of Point Hope, et al. v. Kempthorne, et al.,* No. 1:08-cv-00004-RRB
Federal Defendants' Answer to Plaintiffs' Second Amended and Supplemental Complaint                    Page 13

Case 1:08-cv-00004-RRB     Document 65     Filed 11/13/08     Page 13 of 30

58. The allegations of Paragraph 58 of the Complaint purport to characterize the FEIS and do not require a response; to the extent that a further response is necessary, defendants assert that the FEIS speaks for itself and is the best evidence of its contents. Any allegations contrary to the FEIS's plain language, meaning, and context are denied.

59. The allegations of Paragraph 59 of the Complaint purport to characterize the FEIS and do not require a response; to the extent that a further response is necessary, defendants assert that the FEIS speaks for itself and is the best evidence of its contents. Any allegations contrary to the FEIS's plain language, meaning, and context are denied.

60. The allegations of Paragraph 60 of the Complaint purport to characterize the FEIS and do not require a response; to the extent that a further response is necessary, defendants assert that the FEIS speaks for itself and is the best evidence of its contents. Any allegations contrary to the FEIS's plain language, meaning, and context are denied.

61. The allegations of Paragraph 61 of the Complaint purport to characterize the FEIS and do not require a response; to the extent that a further response is necessary, defendants assert that the FEIS speaks for itself and is the best evidence of its contents. Any allegations contrary to the FEIS's plain language, meaning, and context are denied.

62. The allegations of Paragraph 62 of the Complaint purport to characterize the FEIS and do not require a response; to the extent that a further response is necessary, defendants assert that the FEIS speaks for itself and is the best evidence of its contents. Any allegations contrary to the FEIS's plain language, meaning, and context are denied.

63. The allegations of Paragraph 63 of the Complaint purport to characterize the FEIS and do not require a response; to the extent that a further response is necessary, defendants assert

*Native Village of Point Hope, et al. v. Kempthorne, et al.,* No. 1:08-cv-00004-RRB
Federal Defendants' Answer to Plaintiffs' Second Amended and Supplemental Complaint          Page 14

Case 1:08-cv-00004-RRB     Document 65     Filed 11/13/08     Page 14 of 30

that the FEIS speaks for itself and is the best evidence of its contents.  Any allegations contrary to the FEIS's plain language, meaning, and context are denied.

64.     Paragraph 64 of the Complaint states an opinion and therefore requires no response; to the extent that the allegations of Paragraph 64 purport to characterize the FEIS, defendants assert that the FEIS speaks for itself and is the best evidence of its contents.  Any allegations contrary to the FEIS's plain language, meaning, and context are denied.

65.     The first sentence of Paragraph 65 of the Complaint mischaracterizes the FEIS; accordingly, defendants deny those allegations.  Defendants deny the second sentence of Paragraph 65.

66.     Defendants admit the allegations of the first sentence of Paragraph 66 of the Complaint, except that defendants aver that the term "geological" is misused in this context. Defendants admit the allegations of the second sentence of Paragraph 66.  Defendants deny the allegations of the third sentence of Paragraph 66, but aver that a large seismic array can produce effective sound levels of over 250 decibels.  Defendants admit the allegations of the fourth and fifth sentences of Paragraph 66, but aver that the seismic surveys that were conducted between 1996 and 1998 were shallow water, near shore ocean bottom cable surveys, while the 2006 surveys were marine streamer surveys and further aver that the two types of surveys have different equipment requirements.

67.     Paragraph 67 of the Complaint purports to characterized the results of unidentified research and otherwise sets forth a matter of opinion; accordingly, defendants lack information sufficient for them to be able to either admit or deny the allegations of Paragraph 67.

68.     The allegations of Paragraph 68 of the Complaint purport to characterize the FEIS

*Native Village of Point Hope, et al. v. Kempthorne, et al.,* No. 1:08-cv-00004-RRB
Federal Defendants' Answer to Plaintiffs' Second Amended and Supplemental Complaint          Page 15

Case 1:08-cv-00004-RRB     Document 65     Filed 11/13/08     Page 15 of 30

and do not require a response; to the extent that a further response is necessary, defendants assert that the FEIS speaks for itself and is the best evidence of its contents. Any allegations contrary to the FEIS's plain language, meaning, and context are denied.

69. The allegations of Paragraph 69 of the Complaint purport to characterize the FEIS and do not require a response; to the extent that a further response is necessary, defendants assert that the FEIS speaks for itself and is the best evidence of its contents. Any allegations contrary to the FEIS's plain language, meaning, and context are denied.

70. The allegations of Paragraph 70 of the Complaint purport to characterize the FEIS and do not require a response; to the extent that a further response is necessary, defendants assert that the FEIS speaks for itself and is the best evidence of its contents. Any allegations contrary to the FEIS's plain language, meaning, and context are denied.

71. The allegations of Paragraph 71 of the Complaint purport to characterize the FEIS and do not require a response; to the extent that a further response is necessary, defendants assert that the FEIS speaks for itself and is the best evidence of its contents. Any allegations contrary to the FEIS's plain language, meaning, and context are denied.

72. The allegations of Paragraph 72 of the Complaint purport to characterize the FEIS and do not require a response; to the extent that a further response is necessary, defendants assert that the FEIS speaks for itself and is the best evidence of its contents. Any allegations contrary to the FEIS's plain language, meaning, and context are denied.

73. The allegations of Paragraph 73 of the Complaint purport to characterize the FEIS and Sale 193 lease documents and do not require a response; to the extent that a further response is necessary, defendants assert that the FEIS and leases speak for themselves and are the best

evidence of their contents.  Any allegations contrary to the FEIS's or leases' plain language, meaning, and context are denied.

74.     The allegations of Paragraph 74 of the Complaint purport to characterize the leases and do not require a response; to the extent that a further response is necessary, defendants assert that the leases speak for themselves and are the best evidence of their contents.  Any allegations contrary to the leases' plain language, meaning, and context are denied.

75.     Defendants deny the allegations of Paragraph 75 of the Complaint.

76.     The allegations of Paragraph 76 of the Complaint set forth legal conclusions to which no response is required; to the extent that a response is required, the allegations are denied.

77.     Defendants deny the allegations of the first sentence of Paragraph 77 of the Complaint.  The allegations in the second and third sentences of Paragraph 77 purport to characterize a biological evaluation, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to the biological evaluation's plain language, meaning, and context are denied.

### FWS Eider Biological Opinion

78.     Defendants admit the allegations of Paragraph 78 of the Complaint.

79.     The allegations contained in Paragraph 79 of the Complaint purport to characterize the contents of the Fish & Wildlife Service biological opinion, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to the biological opinion's plain language, meaning, and context are denied.

80.     The allegations of the first sentence of Paragraph 80 of the Complaint purport to

*Native Village of Point Hope, et al. v. Kempthorne, et al.,* No. 1:08-cv-00004-RRB
Federal Defendants' Answer to Plaintiffs' Second Amended and Supplemental Complaint          Page 17

Case 1:08-cv-00004-RRB     Document 65     Filed 11/13/08     Page 17 of 30

characterize biological opinions prepared by the Fish & Wildlife Service for oil and gas activities in the NPR – A and the Beaufort Sea OCS. Those biological opinions speak for themselves and are the best evidence of their contents. Any allegations inconsistent with the plain language, meaning, and context of those biological opinions are denied. The allegations in the second sentence of Paragraph 80 purport to characterize biological opinions prepared by the Fish & Wildlife Service for Lease Sale 193. This biological opinion speaks for itself and is the best evidence of its contents. Any allegations inconsistent with the plain language, meaning, and context of this biological opinion are denied.

### *Decision to Hold Lease Sale 193*

81.     Defendants admit the allegations of Paragraph 81 of the Complaint.

82.     Defendants admit the allegations of Paragraph 82 of the Complaint.

83.     Defendants admit the allegations of Paragraph 83 of the Complaint.

84.     Defendants admit the allegations of Paragraph 84 of the Complaint.

### *The Listing of the Polar Bear as Threatened Under the ESA*

85.     Defendants admit the allegations of Paragraph 85 of the Complaint.

86.     Defendants admit the allegations of Paragraph 86 of the Complaint.

87.     Defendants admit the allegations of Paragraph 87 of the Complaint, but deny that consultation was required prior to issuing the Sale 193 leases.

### STATUTORY FRAMEWORK

**Administrative Procedure Act**

88.     The allegations of Paragraph 88 of the Complaint purport to characterize certain provisions of the APA, NEPA, and the ESA, which speak for themselves and are the best

*Native Village of Point Hope, et al. v. Kempthorne, et al.,* No. 1:08-cv-00004-RRB
Federal Defendants' Answer to Plaintiffs' Second Amended and Supplemental Complaint          Page 18

Case 1:08-cv-00004-RRB    Document 65    Filed 11/13/08    Page 18 of 30

evidence of their contents.  Any allegations contrary to the statutes' plain language, meaning, and context are denied.

**National Environmental Policy Act**

89.     The allegations of Paragraph 89 of the Complaint purport to characterize certain provisions of NEPA, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the statute's plain language, meaning, and context are denied.

90.     The allegations of Paragraph 90 of the Complaint purport to characterize certain provisions of NEPA and/or its implementing regulations, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the statute and/or regulations' plain language, meaning, and context are denied.

91.     The allegations of Paragraph 91 of the Complaint purport to characterize certain provisions of NEPA and/or its implementing regulations, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the statute and/or regulations' plain language, meaning, and context are denied.

92.     The allegations of Paragraph 92 of the Complaint purport to characterize certain provisions of NEPA and/or its implementing regulations, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the statute and/or regulations' plain language, meaning, and context are denied.

**Endangered Species Act**

93.     The allegations of Paragraph 93 of the Complaint purport to characterize certain provisions of the ESA and/or its implementing regulations, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the statute and/or regulations'

*Native Village of Point Hope, et al. v. Kempthorne, et al.,* No. 1:08-cv-00004-RRB
Federal Defendants' Answer to Plaintiffs' Second Amended and Supplemental Complaint          Page 19

Case 1:08-cv-00004-RRB     Document 65     Filed 11/13/08     Page 19 of 30

plain language, meaning, and context are denied.

94. The allegations of Paragraph 94 of the Complaint purport to characterize the ESA's implementing regulations, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the regulations' plain language, meaning, and context are denied.

95. The allegations of Paragraph 95 of the Complaint purport to characterize certain provisions of the ESA and/or its implementing regulations, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the statute and/or regulations' plain language, meaning, and context are denied.

96. The allegations of Paragraph 96 of the Complaint purport to characterize the ESA's implementing regulations, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the regulations' plain language, meaning, and context are denied.

**Outer Continental Shelf Lands Act**

97. The allegations of Paragraph 97 of the Complaint purport to characterize certain provisions of OCSLA, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the statute's plain language, meaning, and context are denied.

98. The allegations of Paragraph 98 of the Complaint purport to characterize certain provisions of OCSLA, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the statute's plain language, meaning, and context are denied.

99. The allegations of Paragraph 99 of the Complaint purport to characterize certain provisions of OCSLA, which speak for themselves and are the best evidence of their contents.

*Native Village of Point Hope, et al. v. Kempthorne, et al.,* No. 1:08-cv-00004-RRB
Federal Defendants' Answer to Plaintiffs' Second Amended and Supplemental Complaint          Page 20

Case 1:08-cv-00004-RRB   Document 65   Filed 11/13/08   Page 20 of 30

Any allegations contrary to the statute's plain language, meaning, and context are denied.

100.    The allegations of Paragraph 100 of the Complaint purport to characterize certain provisions of OCSLA and/or its implementing regulations, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the statute and/or regulations' plain language, meaning, and context are denied.

101.    The allegations of Paragraph 101 of the Complaint purport to characterize certain provisions of OCSLA and/or its implementing regulations, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the statute and/or regulations' plain language, meaning, and context are denied.

## RESPONSE TO COUNT I

102.    Defendants incorporate by reference their prior responses to Paragraphs 1 through 101 of the Complaint, as realleged and incorporated by reference in Paragraph 102.

103.    The allegations of Paragraph 103 of the Complaint purport to characterize certain provisions of NEPA and/or its implementing regulations, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the statute and/or regulations' plain language, meaning, and context are denied.

104.    The allegations of Paragraph 104 of the Complaint purport to characterize the FEIS and do not require a response; to the extent that a further response is necessary, defendants assert that the FEIS speaks for itself and is the best evidence of its contents.  Any allegations contrary to the FEIS's plain language, meaning, and context are denied.

105.    Defendants deny the allegations of Paragraph 105 of the Complaint.

## RESPONSE TO COUNT II

*Native Village of Point Hope, et al. v. Kempthorne, et al.,* No. 1:08-cv-00004-RRB
Federal Defendants' Answer to Plaintiffs' Second Amended and Supplemental Complaint          Page 21

Case 1:08-cv-00004-RRB    Document 65    Filed 11/13/08    Page 21 of 30

106. Defendants incorporate by reference their prior responses to Paragraphs 1 through 105 of the Complaint, as realleged and incorporated by reference in Paragraph 106.

107. Paragraph 107 of the Complaint sets forth legal conclusions to which no response is required. To the extent that a response is required, the allegations are denied.

108. The allegations of Paragraph 108 of the Complaint purport to characterize the FEIS and do not require a response; to the extent that a further response is necessary, defendants assert that the FEIS speaks for itself and is the best evidence of its contents. Any allegations contrary to the FEIS's plain language, meaning, and context are denied.

109. The allegations of Paragraph 109 of the Complaint purport to characterize the FEIS and do not require a response; to the extent that a further response is necessary, defendants assert that the FEIS speaks for itself and is the best evidence of its contents. Any allegations contrary to the FEIS's plain language, meaning, and context are denied.

110. The allegations of Paragraph 110 of the Complaint purport to characterize the FEIS and do not require a response; to the extent that a further response is necessary, defendants assert that the FEIS speaks for itself and is the best evidence of its contents. Any allegations contrary to the FEIS's plain language, meaning, and context are denied.

111. Defendants deny the allegations of Paragraph 111 of the Complaint.

## RESPONSE TO COUNT III

112. Defendants incorporate by reference their prior responses to Paragraphs 1 through 111 of the Complaint, as realleged and incorporated by reference in Paragraph 112.

113. Paragraph 113 of the Complaint sets forth a legal conclusion to which no response is required. To the extent that a response is required, the allegations are denied.

*Native Village of Point Hope, et al. v. Kempthorne, et al.,* No. 1:08-cv-00004-RRB
Federal Defendants' Answer to Plaintiffs' Second Amended and Supplemental Complaint          Page 22

Case 1:08-cv-00004-RRB   Document 65   Filed 11/13/08   Page 22 of 30

114.     Paragraph 114 of the Complaint sets forth a legal conclusion to which no response is required.  To the extent that a response is required, the allegations are denied.

115.     The allegations of Paragraph 115 of the Complaint purport to characterize the FEIS and do not require a response; to the extent that a further response is necessary, defendants assert that the FEIS speaks for itself and is the best evidence of its contents.  Any allegations contrary to the FEIS's plain language, meaning, and context are denied.

116.     The allegations of Paragraph 116 of the Complaint purport to characterize the FEIS and do not require a response; to the extent that a further response is necessary, defendants assert that the FEIS speaks for itself and is the best evidence of its contents.  Any allegations contrary to the FEIS's plain language, meaning, and context are denied.

117.     The allegations of Paragraph 117 of the Complaint purport to characterize the FEIS and do not require a response; to the extent that a further response is necessary, defendants assert that the FEIS speaks for itself and is the best evidence of its contents.  Any allegations contrary to the FEIS's plain language, meaning, and context are denied.

118.     The allegations of Paragraph 118 of the Complaint purport to characterize the FEIS and do not require a response; to the extent that a further response is necessary, defendants assert that the FEIS speaks for itself and is the best evidence of its contents.  Any allegations contrary to the FEIS's plain language, meaning, and context are denied.

119.     Defendants deny the allegations of Paragraph 119 of the Complaint.

## RESPONSE TO COUNT IV

120.     Defendants incorporate by reference their prior responses to Paragraphs 1 through 119 of the Complaint, as realleged and incorporated by reference in Paragraph 120.

*Native Village of Point Hope, et al. v. Kempthorne, et al.,* No. 1:08-cv-00004-RRB
Federal Defendants' Answer to Plaintiffs' Second Amended and Supplemental Complaint            Page 23

Case 1:08-cv-00004-RRB    Document 65    Filed 11/13/08    Page 23 of 30

121. Paragraph 121 of the Complaint sets forth a legal conclusion to which no response is required. To the extent that a response is required, the allegations are denied.

122. Paragraph 122 of the Complaint sets forth a legal conclusion to which no response is required. To the extent that a response is required, the allegations are denied.

123. The allegations of Paragraph 123 of the Complaint purport to characterize the FEIS and do not require a response; to the extent that a further response is necessary, defendants assert that the FEIS speaks for itself and is the best evidence of its contents. Any allegations contrary to the FEIS's plain language, meaning, and context are denied.

124. The allegations of Paragraph 124 of the Complaint purport to characterize the FEIS and do not require a response; to the extent that a further response is necessary, defendants assert that the FEIS speaks for itself and is the best evidence of its contents. Any allegations contrary to the FEIS's plain language, meaning, and context are denied.

125. The allegations of Paragraph 125 of the Complaint purport to characterize the FEIS and do not require a response; to the extent that a further response is necessary, defendants assert that the FEIS speaks for itself and is the best evidence of its contents. Any allegations contrary to the FEIS's plain language, meaning, and context are denied.

126. The allegations of Paragraph 126 of the Complaint purport to characterize the FEIS and do not require a response; to the extent that a further response is necessary, defendants assert that the FEIS speaks for itself and is the best evidence of its contents. Any allegations contrary to the FEIS's plain language, meaning, and context are denied.

127. The allegations of Paragraph 127 of the Complaint purport to characterize the FEIS and do not require a response; to the extent that a further response is necessary, defendants

*Native Village of Point Hope, et al. v. Kempthorne, et al.,* No. 1:08-cv-00004-RRB
Federal Defendants' Answer to Plaintiffs' Second Amended and Supplemental Complaint          Page 24

Case 1:08-cv-00004-RRB    Document 65    Filed 11/13/08    Page 24 of 30

assert that the FEIS speaks for itself and is the best evidence of its contents. Any allegations contrary to the FEIS's plain language, meaning, and context are denied.

128. Defendants deny the allegations of Paragraph 128 of the Complaint.

**RESPONSE TO COUNT V**

129. Defendants incorporate by reference their prior responses to Paragraphs 1 through 128 of the Complaint, as realleged and incorporated by reference in Paragraph 129.

130. Paragraph 130 of the Complaint sets forth a legal conclusion to which no response is required. To the extent that a response is required, the allegations are denied.

131. Paragraph 131 of the Complaint sets forth a legal conclusion to which no response is required. To the extent that a response is required, the allegations are denied.

132. The allegations of Paragraph 132 of the Complaint purport to characterize the FEIS and do not require a response; to the extent that a further response is necessary, defendants assert that the FEIS speaks for itself and is the best evidence of its contents. Any allegations contrary to the FEIS's plain language, meaning, and context are denied.

133. The allegations of Paragraph 133 of the Complaint purport to characterize the FEIS and do not require a response; to the extent that a further response is necessary, defendants assert that the FEIS speaks for itself and is the best evidence of its contents. Any allegations contrary to the FEIS's plain language, meaning, and context are denied.

134. The allegations of Paragraph 134 of the Complaint purport to characterize the FEIS and leases issued by MMS and do not require a response; to the extent that a further response is necessary, defendants assert that the FEIS and leases speak for themselves and are the best evidence of their contents. Any allegations contrary to the FEIS's or leases' plain

*Native Village of Point Hope, et al. v. Kempthorne, et al.,* No. 1:08-cv-00004-RRB
Federal Defendants' Answer to Plaintiffs' Second Amended and Supplemental Complaint          Page 25

Case 1:08-cv-00004-RRB     Document 65     Filed 11/13/08     Page 25 of 30

language, meaning, and context are denied.

135. The allegations of Paragraph 135 of the Complaint purport to characterize the FEIS and do not require a response; to the extent that a further response is necessary, defendants assert that the FEIS speaks for itself and is the best evidence of its contents. Any allegations contrary to the FEIS's plain language, meaning, and context are denied.

136. Defendants deny the allegations of Paragraph 136 of the Complaint.

## RESPONSE TO COUNT VI

137. Defendants incorporate by reference their prior responses to Paragraphs 1 through 136 of the Complaint, as realleged and incorporated by reference in Paragraph 137.

138. Paragraph 138 of the Complaint sets forth a legal conclusion to which no response is required. To the extent that a response is required, the allegations are denied.

139. The allegations of Paragraph 139 of the Complaint purport to characterize the FEIS and do not require a response; to the extent that a further response is necessary, defendants assert that the FEIS speaks for itself and is the best evidence of its contents. Any allegations contrary to the FEIS's plain language, meaning, and context are denied.

140. Defendants deny the allegations of Paragraph 140 of the Complaint.

## RESPONSE TO COUNT VII

141. Defendants incorporate by reference their prior responses to Paragraphs 1 through 140 of the Complaint, as realleged and incorporated by reference in Paragraph 141.

142. The allegations of Paragraph 142 of the Complaint purport to characterize certain provisions of the ESA, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the statute's plain language, meaning, and context are denied.

*Native Village of Point Hope, et al. v. Kempthorne, et al.,* No. 1:08-cv-00004-RRB
Federal Defendants' Answer to Plaintiffs' Second Amended and Supplemental Complaint          Page 26

Case 1:08-cv-00004-RRB    Document 65    Filed 11/13/08    Page 26 of 30

143. Defendants admit the allegations of the second sentence of Paragraph 143 of the Complaint. The remaining allegations of Paragraph 143 consist of legal conclusions to which no response is required. To the extent that a response is required, the allegations are denied.

144. The allegations of Paragraph 144 of the Complaint are legal conclusions to which no response is required. To the extent that a response is required, the allegations are denied.

145. The allegations of Paragraph 145 of the Complaint purport to characterize the contents of the Fish & Wildlife Service biological opinion, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the biological opinion's plain language, meaning, and context are denied.

146. Defendants deny the allegations of Paragraph 146 of the Complaint.

147. Defendants deny the allegations of Paragraph 147 of the Complaint.

**RESPONSE TO COUNT VIII**

148. Defendants incorporate by reference their prior responses to Paragraphs 1 through 147 of the Complaint, as realleged and incorporated by reference in Paragraph 148.

149. The allegations of Paragraph 149 of the Complaint are legal conclusions to which no response is required. To the extent that a response is required, the allegations are denied.

150. The allegations of Paragraph 150 of the Complaint purport to characterize the FEIS and do not require a response; to the extent that a further response is necessary, defendants assert that the FEIS speaks for itself and is the best evidence of its contents. Any allegations contrary to the FEIS's plain language, meaning, and context are denied.

151. Defendants admit the allegations of Paragraph 151 of the Complaint.

152. Defendants admit the allegations of Paragraph 152 of the Complaint.

*Native Village of Point Hope, et al. v. Kempthorne, et al.,* No. 1:08-cv-00004-RRB
Federal Defendants' Answer to Plaintiffs' Second Amended and Supplemental Complaint                Page 27

Case 1:08-cv-00004-RRB    Document 65    Filed 11/13/08    Page 27 of 30

153.     The allegations of Paragraph 153 of the Complaint are legal conclusions to which no response is required.  To the extent that a response is required, the allegations are denied.

154.     The allegations of Paragraph 154 of the Complaint are legal conclusions to which no response is required.  To the extent that a response is required, the allegations are denied.

155.     Defendants admit the allegations of Paragraph 155 but deny that consultation was required prior to issuing the Sale 193 leases.

156.     Defendants deny the allegations of Paragraph 156 of the Complaint.

## RESPONSE TO PRAYER FOR RELIEF

### RELIEF REQUESTED

The remaining paragraphs of the Complaint contain plaintiffs' request for relief and do not require a response; to the extent that a response is required, defendants deny that plaintiffs are entitled to any relief.

### AFFIRMATIVE DEFENSES

#### First Affirmative Defense

The Court lacks jurisdiction over some or all of plaintiffs' claims.

#### Second Affirmative Defense

Some or all of the counts of plaintiffs' Complaint fail to state a claim upon which relief may be granted.

#### Third Affirmative Defense

Plaintiffs lack standing for some or all of plaintiffs' claims.

#### Fourth Affirmative Defense

Some or all of plaintiffs' claims are not ripe.

*Native Village of Point Hope, et al. v. Kempthorne, et al.,* No. 1:08-cv-00004-RRB
Federal Defendants' Answer to Plaintiffs' Second Amended and Supplemental Complaint          Page 28

Case 1:08-cv-00004-RRB    Document 65    Filed 11/13/08    Page 28 of 30

WHEREFORE, defendants request that the Court dismiss plaintiffs' complaint or enter judgment in favor of the United States and grant such other relief as may be appropriate.


Dated: November 13, 2008     Respectfully submitted,


           RONALD J. TENPAS
           Assistant Attorney General
           Environment and Natural Resources Division
           United States Department of Justice

           /s/ David B. Glazer
           DAVID B. GLAZER
           Natural Resources Section
           Environment & Natural Resources Division
           United States Department of Justice
           301 Howard Street, Suite 1050
           San Francisco, California  94105
           Tel: (415) 744–6491
           Fax: (415) 744–6476
           David.Glazer@usdoj.gov

           /s/Kristen L. Gustafson
           KRISTEN L. GUSTAFSON, Senior Trial Attorney
           Wildlife & Marine Resources Section
           Environment & Natural Resources Division
           Ben Franklin Station, P.O. Box 7369
           Washington, D.C.  20044-7369
           Tel: (202) 305-0211
           Fax: (202) 305-0275
           Email: Kristen.Gustafson@usdoj.gov

           Attorneys for the Defendants

*Native Village of Point Hope, et al. v. Kempthorne, et al.,* No. 1:08-cv-00004-RRB
Federal Defendants' Answer to Plaintiffs' Second Amended and Supplemental Complaint   Page 29

Case 1:08-cv-00004-RRB Document 65 Filed 11/13/08 Page 29 of 30

<u>CERTIFICATE OF SERVICE</u>

I certify that, on November 13, 2008, I caused a copy of the foregoing to be served

electronically on the following:

Eric P. Jorgensen, Esq.
Earthjustice
325 Fourth Street,
Juneau, Alaska 99801
ericj@earthjustice.org

Erik Cliford Grafe
Earthjustice
325 Fourth Street
Juneau, AK 99801
egrafe@earthjustice.org

Jeffrey W. Leppo
Stoel Rives LLP (WA)
600 University Street, Suite 3600
Seattle, WA 98101
jwleppo@stoel.com

Kyle W. Parker
Patton Boggs LLP
601 West 5th Avenue, Suite 700
Anchorage, AK 99501
kparker@pattonboggs.com

Dated: November 13, 2008                    /s/ Kristen L. Gustafson
                                            Kristen L. Gustafson

*Native Village of Point Hope, et al. v. Kempthorne, et al.,* No. 1:08-cv-00004-RRB
Federal Defendants' Answer to Plaintiffs' Second Amended and Supplemental Complaint          Page 30