IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| NATIVE VILLAGE OF POINT HOPE, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> KENNETH L. SALAZAR, et al., <br><br> Defendants. | Case No. 1:08-cv-0004-RRB <br><br><br> **ORDER CLARIFYING INJUNCTION** |

Plaintiffs filed a Complaint for Declaratory and Injunctive Relief challenging Defendants' decision to offer approximately 29.4 million acres of public lands on the outer continental shelf of the Chukchi Sea for oil and gas leasing. Plaintiffs alleged that the decision, together with the Chukchi Sea Planning Area Oil and Gas Lease Sale 193 and Seismic Surveying Activities in the Chukchi Sea Final Environmental Impact Statement (FEIS), violated the National Environmental Policy Act (NEPA) and the Administrative Procedure Act (APA).

ORDER CLARIFYING INJUNCTION - 1
1:08-CV-0004-RRB

The Court considered extensive briefing and issued an order on July 21, 2010. The Court concluded that the Agency: 1) failed to analyze the environmental impact of natural gas development, despite industry interest and specific lease incentives for such development; 2) failed to determine whether missing information identified by the agency was relevant or essential under 40 C.F.R. § 1502.22; and 3) failed to determine whether the cost of obtaining the missing information was exorbitant or the means of doing so unknown. The Court found that the Agency's failure to comply with the clear instructions of § 1502.22 was an abuse of discretion. The Court noted that these findings did not necessarily require Defendants completely redo the permitting process, but merely address the three concerns addressed above. In all other respects the Court found Defendants had complied with NEPA. The Court enjoined "all activity under Lease Sale 193 . . . pending review by Defendants of these issues and reaffirmation by Defendants of the Lease Sale."[1]

Before the Court is Intervenor-Defendant Shell Gulf of Mexico Inc. (SGOMI) with a Motion for Reconsideration and Relief from Order or in the Alternative Motion for Clarification of

---

[1] Docket 136.

ORDER CLARIFYING INJUNCTION - 2
1:08-CV-0004-RRB

Injunction.[2] Treating this as a Motion for Reconsideration, the Court permitted responses which were filed on July 30, 2010.

The Court, in its Order, noted that much of the extensive investigation conducted prior to Lease Sale 193 was appropriate and satisfied the requirements of the National Environmental Policy Act, but found the three areas of concern mentioned above. SGOMI challenges the Court's findings in this regard, and further requests a modification of this Court's Order to permit SGOMI to proceed with planned scientific studies this summer. SGOMI complains that the Court provided little guidance on the scope of the injunction, which, if interpreted broadly, includes enjoining activities that (i) do not require a lease to perform, (ii) pose no harm to the Plaintiffs,[3] or (iii) were fully examined in the Agency's EIS and are unrelated to the defects identified by the Court.[4]

In support of its position, SGOMI points to the very recent United States Supreme Court opinion in Monsanto Co. v. Geertson Seed Farms, No. 09-475, -- S. Ct. , 2010 WL 2471057 (June 31, 2010), which was not included in the parties' briefing. SGOMI also

---

[2] Docket 139.

[3] The Court notes that this sentence alone could fuel years of litigation.

[4] Docket 139 at 12.

ORDER CLARIFYING INJUNCTION - 3
1:08-CV-0004-RRB

raises issues that were not directly raised in the initial briefing regarding the impact of an injunction on previously-scheduled activities. Nevertheless, while the Court is not prepared at this time to vacate its prior Order, and will address the remaining motions filed by Defendants in due course, the Court agrees that the aforesaid Order should not be interpreted to prevent SGOMI from proceeding with approved scientific studies planned for the summer of 2010, i.e. the Seismic Surveying Activities, or from routine paperwork relating to Lease Sale 193, which would include lease assignments and related approval from BOEMRE. The contemplated activity does not include drilling and may have the benefit of assisting the parties in determining the propriety of future activities.

Therefore, while the Court continues to evaluate the remainder of SGOMI's request, as well as the other pending motions, the Court hereby **CLARIFIES** its previous Order to permit SGOMI to proceed with those scientific studies which have already been approved or are pending approval by BOEMRE and are planned for the summer of 2010, to include activities under the approved Work Plan that were fully examined in the Agency's EIS and are unrelated to the defects identified by the Court.[5]

---

[5] *See* Dkt. 139 at 7-10.

Henceforth, however, the Court expects Defendants to be far more specific as to what they are seeking, and why, and the envisioned practical consequences of any proposed order.

**IT IS SO ORDERED.**

ENTERED this 2nd day of August, 2010.

        S/RALPH R. BEISTLINE
        UNITED STATES DISTRICT JUDGE