ERIK GRAFE (AK Bar # 0804010)
Earthjustice
441 W 5th Avenue, Suite 301
Anchorage, AK 99501
T: 907-277-2500
F: 907-277-1390
E: egrafe@earthjustice.org

ERIC P. JORGENSEN (AK Bar # 8904010)
NEIL E. GORMLEY (AK Bar # 1105020)
Earthjustice
325 Fourth Street
Juneau, AK 99801-1145
T: 907-586-2751
F: 907-463-5891
E: ejorgensen@earthjustice.org
E: ngormley@earthjustice.org

*Attorneys for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| NATIVE VILLAGE OF POINT HOPE, *et al.,* )<br><br>Plaintiffs, )<br><br>v. )<br><br>KENNETH L. SALAZAR, Secretary of the Interior, *et al.,* )<br><br>Defendants, )<br><br>and )<br><br>SHELL GULF OF MEXICO, INC., CONOCOPHILLIPS COMPANY, STATE OF ALASKA, and STATOIL USA E&P INC., )<br><br>Intervenor-Defendants. ) | Case No. 1:08-cv-00004-RRB |

**SECOND SUPPLEMENTAL COMPLAINT FOR
DECLARATORY AND INJUNCTIVE RELIEF
(5 U.S.C. §§ 702-706; 42 U.S.C. § 4332)**

**INTRODUCTION**

1.      This supplemental complaint (Second Supplemental Complaint) challenges the decision of the Secretary of the Interior, issued in an October 3, 2011, Record of Decision, to affirm Chukchi Sea Outer Continental Shelf Lease Sale 193, which offered approximately 29.4 million acres of public lands on the outer continental shelf of the Chukchi Sea for oil and gas leasing.  The decision, together with the Final Supplemental Environmental Impact Statement, Chukchi Sea Planning Area, Oil and Gas Lease Sale 193 (OCS EIS/EA BOEMRE 2011-041) (SEIS), violates the National Environmental Policy Act (NEPA) and the Administrative Procedure Act (APA).

2.      Plaintiffs filed a Second Amended and Supplemental Complaint for Declaratory and Injunctive Relief (Complaint) on October 17, 2008.  In an order dated July 21, 2010, and amended on August 5, 2011 (Summary Judgment Order), this Court adjudicated Counts I, II, III, V, VI of the Complaint.  Plaintiffs did not pursue Count IV and did not oppose dismissal of Counts VII and VIII as moot.  This Second Supplemental Complaint introduces two additional claims based on the SEIS and October 3, 2011, Record of Decision.  Plaintiffs incorporate by reference the allegations of the October 2008 Complaint as they relate to Counts I, II, III, V, and VI of that Complaint.

**JURISDICTION**

3.      This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and may issue a declaratory judgment and further relief pursuant to 28 U.S.C. §§ 2201-2002.  Judicial review is available under the Administrative Procedure Act, 5 U.S.C. §§ 701-706.  Venue is appropriate under 28 U.S.C. § 1391(e).

**PLAINTIFFS**

4.      Paragraphs 10-26 of the Complaint are incorporated herein by reference.

5.      Defendant Ken Salazar is sued in his official capacity as the Secretary of the Department of the Interior.

6.      Defendant Tommy Beaudreau is sued in his official capacity as Director of the Bureau of Ocean Energy Management (BOEM).

7.      Defendant BOEM, formerly the Minerals Management Service and Bureau of Ocean Energy Management, Regulation and Enforcement, is an agency of the United States Department of Interior entrusted with management of the mineral resources of the Chukchi Sea outer continental shelf.

**SUPPLEMENTAL FACTS**

8.      The October 2008 Complaint describes the Chukchi Sea, oil and gas activities in and around the Chukchi Sea, the Lease Sale 193 Environmental Impact Statement (EIS), and Lease Sale 193 and Plaintiffs incorporate by reference those allegations from paragraphs 1-5, 31-44, 88-92, 97-101.

9.      The EIS addresses climate change impacts from consumption of oil produced from Lease Sale 193.  It concludes that the large increase in the supply of oil resulting from the lease sale likely would not change aggregate oil consumption or, therefore, greenhouse gas production.  It concludes the greenhouse gas production and climate change effects resulting from the oil and gas development activities themselves pursuant to Lease Sale 193 would be negligible.  It does not analyze the climate change contribution of the consumption of natural gas from Lease Sale 193.

10.      On July 21, 2010, this Court issued an order finding that Federal Defendants had (1) failed to analyze the environmental impact of natural gas development, despite industry

Case 1:08-cv-00004-RRB   Document 252   Filed 11/22/11   Page 3 of 11

interest and specific lease incentives for such development; (2) failed to determine whether missing information identified by the agency was relevant or essential under 40 C.F.R. § 1502.22; and (3) failed to determine whether the cost of obtaining the missing information was exorbitant, or the means of doing so unknown.  The Court ordered Federal Defendants to satisfy their obligations under NEPA in accordance with the Court's opinion.

11.     On October 5, 2010, the Federal Defendants announced their intent to prepare a supplemental environmental impact statement for Lease Sale 193.

12.     Notice of the availability of a draft statement and of a public comment period was published in the Federal Register on October 15, 2010.

13.     Plaintiffs submitted written and oral comments on the draft statement.

14.     Notice of the availability of a revised draft statement and of a public comment period was published in the Federal Register on May 27, 2011.

15.     Plaintiffs submitted written and oral comments on the revised draft statement.

16.     Notice of the availability of the final SEIS was published in the Federal Register on August 26, 2011.

17.     Plaintiffs submitted written comments on the final SEIS.

18.     Plaintiffs' comments raised the issues addressed in this Second Supplemental Complaint.

## The SEIS

19.     The final SEIS addresses missing information under 40 C.F.R. § 1502.22, the environmental impacts of natural gas development, and the environmental impacts of a very large oil spill.

Case 1:08-cv-00004-RRB   Document 252   Filed 11/22/11   Page 4 of 11

*Missing Information*

20.	In an appendix containing approximately 250 entries, the SEIS purports to list all statements in the Lease Sale 193 EIS that acknowledge incomplete or unavailable information. For each statement, the appendix states whether the missing information is relevant to reasonably foreseeable significant adverse effects on the human environment. If it concludes that it is, it states, based on one or more of five recurring standard rationales, whether the missing information is essential to a reasoned choice among alternatives.

21.	BOEM concludes in the SEIS that not a single item of the approximately 250 pieces of missing information listed in the appendix is essential to a reasoned choice among alternatives.

*Climate Change*

22.	The SEIS takes a new and different approach to the climate change effects of consumption of oil and gas from Lease Sale 193 than the EIS.

23.	The SEIS states that BOEM does not need to analyze the contribution to climate change from consumption of the oil and gas produced from Lease Sale 193. It states that the consumption of oil and gas for energy is not a reasonably foreseeable or proximate consequence of the lease sale.

24.	The SEIS states that no reliable methodologies exist to estimate the responses of oil and gas markets to new supplies. It states that it is not possible to estimate greenhouse gas emissions from consuming oil and gas produced from Lease Sale 193. It states that the production capacity of the Chukchi Sea is unknown.

25.	The SEIS does not estimate how much oil and gas will be burned as a result of the lease sale.

26. The SEIS does not analyze the climate change effects of the consumption of oil and gas produced from Lease Sale 193.

*The Record of Decision*

27. Federal Defendants filed a Record of Decision with the Court on October 3, 2011. The Record of Decision adopts BOEM's conclusion in the SEIS, including the conclusion that not a single piece missing information is essential to a reasoned choice among alternatives and the conclusion that BOEM was not required to analyze the climate change effects of oil and gas produced in Lease Sale 193.

28. The Record of Decision affirms Chukchi Sea Lease Sale 193 as it was originally held in 2008 without any changes.

## COUNT IX

29. Plaintiffs repeat and incorporate by reference the allegations contained in the preceding paragraphs.

30. NEPA requires BOEM to make an informed comparison of potential alternatives to Lease Sale 193 and to design alternatives that would avoid or minimize adverse effects to the environment. 40 C.F.R. §§ 1502.1, 1502.14.

31. Where information about the environment or potential effects to the environment from the proposed action is incomplete, NEPA requires BOEM to determine what missing information is essential to a reasoned choice among alternatives. 40 C.F.R. § 1502.22. BOEM must include such information in the EIS unless the information cannot be obtained because the overall costs of obtaining it are exorbitant or the means to obtain it are not known. *Id.*

32. The EIS contains hundreds of statements that acknowledge that information about the Chukchi Sea and the potential impacts of Lease Sale 193 is missing, incomplete, or outdated.

33. This extensive missing information prevents BOEM from understanding and describing adequately in the EIS the potential environmental effects of Lease Sale 193 oil and gas activities.

34. As a result of the substantial quantity and significance of missing information and the degree to which it precludes a full assessment of impacts, BOEM cannot and does not make an informed comparison among the environmental impacts of the several alternatives to Lease Sale 193 contained in the EIS, as required by NEPA.

35. As a result of the substantial quantity and significance of missing information and the degree to which it precludes a full assessment of impacts, BOEM cannot and does not formulate alternatives that would avoid or mitigate adverse impacts to the environment from Lease Sale 193 in the EIS, as required by NEPA.

36. The SEIS conclusion that none of the information the EIS acknowledges is missing, incomplete, or outdated is essential to a reasoned choice among alternatives is inconsistent with the analysis in the EIS and arbitrary in light of the EIS's inability to compare and formulate alternatives.

37. The five standard rationales offered in the SEIS for BOEM's conclusion that not a single item of the hundreds of items of missing information acknowledged in the EIS is essential to a reasoned choice among alternatives do not justify the conclusion.

38. Defendants' conclusion in the SEIS, and their decision to affirm Lease Sale 193 in the Chukchi Sea in reliance on the EIS and SEIS, were arbitrary, capricious and not in

accordance with law and violated NEPA, 42 U.S.C. § 4332, 40 C.F.R. § 1502.22, and the APA, 5 U.S.C. §§ 702, 706.

## COUNT X

39. Plaintiffs repeat and incorporate by reference the allegations contained in the preceding paragraphs.

40. NEPA requires BOEM to assess the indirect effects, 40 C.F.R. § 1508.8(b), and the cumulative effects, 40 C.F.R. § 1508.7, of the Lease Sale 193 decision.

41. BOEM forecasts for purposes of analysis of the environmental impacts that one billion barrels of oil and 2.25 trillion cubic feet of natural gas will be produced from Lease Sale 193.

42. Plaintiffs' comments contained information about methods for making estimates of greenhouse gas production from the oil and gas that could be produced from the lease sale, including other agencies' methodologies for estimating the response of oil and gas markets to agency-induced changes to supply and demand.

43. Notwithstanding its legal obligation under NEPA and evidence in the record that information and methodologies exist to do so, BOEM did not analyze the climate change effects of combustion of oil and gas from Lease Sale 193.

44. Federal Defendants' failure to analyze the climate change effects of the consumption of oil and gas from Lease Sale 193 violated NEPA, 42 U.S.C. § 4332, and the APA, 5 U.S.C. §§ 702, 706.

**PRAYER FOR RELIEF**

Therefore, Plaintiffs respectfully request that the Court:

1. Declare that Defendants have violated NEPA and that the actions as set forth above are arbitrary, capricious and not in accordance with law;

2. Enter appropriate injunctive relief preventing activity under the leases at issue to ensure that the Defendants comply with NEPA and to prevent irreparable harm to the Plaintiffs and to the environment until such compliance occurs.

3. Vacate the Record of Decision and all leases issued and affirmed pursuant to Lease Sale 193;

4. Award Plaintiffs the costs of this action, including reasonable attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412; and

5. Grant such other relief as the Court deems just and proper.

Dated: November 16, 2011.

s/ Erik Grafe

ERIK GRAFE (AK Bar # 0804010)
Earthjustice
441 W 5th Avenue, Suite 301
Anchorage, AK 99501
T: 907-277-2500
F: 907-277-1390
E: egrafe@earthjustice.org

ERIC P. JORGENSEN (AK Bar # 8904010)
NEIL E. GORMLEY (AK Bar # 1105020)
Earthjustice
325 Fourth Street
Juneau, AK 99801-1145
T: 907-586-2751
F: 907-463-5891
E: ejorgensen@earthjustice.org
E: ngormley@earthjustice.org

*Attorneys for Plaintiffs Native Village of Point
Hope, City of Point Hope, Inupiat Community of the
Arctic Slope, Alaska Wilderness League, Center for
Biological Diversity, Defenders of Wildlife,
National Audubon Society, Natural Resources
Defense Council, Northern Alaska Environmental
Center, Oceana, Pacific Environment, Resisting
Environmental Destruction on Indigenous Lands
(REDOIL), Sierra Club, The Wilderness Society,
and World Wildlife Fund*

Case 1:08-cv-00004-RRB   Document 252   Filed 11/22/11   Page 10 of 11

# CERTIFICATE OF SERVICE

I hereby certify that on November 22, 2011, a copy of foregoing SECOND SUPPLEMENTAL COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF was served electronically on David B. Glazer, Kristen L. Gustafson, Kyle W. Parker, Jeffrey W. Leppo, Ryan P. Steen, Martin T. Schultz, Steven E. Mulder, Rebecca Kruse, and James N. Leik.

*s/ Erik Grafe*
ERIK GRAFE (AK Bar # 0804010)
Earthjustice
441 W 5th Avenue, Suite 301
Anchorage, AK 99501
T: 907-277-2500
F: 907-277-1390
E: egrafe@earthjustice.org

Case 1:08-cv-00004-RRB   Document 252   Filed 11/22/11   Page 11 of 11